ing the question presented granted. Order granting petition for writ of certiorari amended to read as follows: Certiorari granted limited to the following question: "Whether petitioner's judgment of conviction became 'final' within the meaning of 28 U. S. C. § 2255, par. 6(1), when the Court of Appeals issued its mandate on direct appeal or when his time for filing a petition for writ of certiorari expired."

No. 00–1852.  JETT v. WASHINGTON COUNTY SCHOOL BOARD, *ante*, p. 921;

No. 00–9913.  INGLE v. COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, 534 U. S. 837;

No. 00–9976.  KING v. GEORGIA, *ante*, p. 957;

No. 01–339.  STEWART, DIRECTOR, ARIZONA DEPARTMENT OF CORRECTIONS v. SMITH, *ante*, p. 856;

No. 01–1177.  CATERINA ET AL. v. UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA ET AL., 535 U. S. 988;

No. 01–1259.  GOELZ v. PAUL REVERE LIFE INSURANCE CO. ET AL., 535 U. S. 1035;

No. 01–1385.  HORN, COMMISSIONER, PENNSYLVANIA DEPARTMENT OF CORRECTIONS, ET AL. v. BANKS, *ante*, p. 266;

No. 01–1457.  CLANTON v. GREENWOOD TRUST CO., 535 U. S. 1112;

No. 01–1474.  BLEDSOE v. NUCOR-YAMATO STEEL CO., *ante*, p. 904;

No. 01–1565.  HAWORTH v. OFFICE OF PERSONNEL MANAGEMENT, 535 U. S. 1113;

No. 01–1597.  DUNN v. KEAN, *ante*, p. 940;

No. 01–1615.  MCLACHLAN, TRUSTEE OF THE MARY BUTSCHEK LIVING TRUST, ET AL. v. SIMON, AN INDIVIDUAL AND FORMER TRUSTEE OF THE NAVELLIER SERIES FUND, ET AL., *ante*, p. 941;

No. 01–8374.  VARGAS v. JORGENSEN, 535 U. S. 1000;

No. 01–8494.  HILTON v. MOORE, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, 535 U. S. 1021;

No. 01–8555.  LIVINGSTON v. UNITED STATES, 535 U. S. 977;

No. 01–8673.  OLIVER v. KYLER, SUPERINTENDENT, STATE CORRECTIONAL INSTITUTION AT HUNTINGDON, 535 U. S. 1038;

No. 01–8674.  PELLEGRINO v. WEBER, WARDEN, ET AL., 535 U. S. 1038;

No. 01–8718.  JONES *v.* UNITED STATES, 535 U. S. 979;

No. 01–8719.  ZARRILLI *v.* FEDERAL DEPOSIT INSURANCE CORPORATION ET AL., 535 U. S. 1002;

No. 01–8860.  BLACK *v.* STEWART, WARDEN, 535 U. S. 1080;

No. 01–9104.  RHODE *v.* GEORGIA, *ante,* p. 925;

No. 01–9126.  RICHARDSON *v.* MOORE, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, 535 U. S. 1084;

No. 01–9153.  GREEN *v.* NEWELL ET AL., *ante,* p. 942;

No. 01–9360.  SMITH *v.* UNITED STATES, *ante,* p. 964;

No. 01–9481.  IN RE HUBBARD, 535 U. S. 1033;

No. 01–9482.  GIBBS *v.* SNYDER, WARDEN, ET AL., *ante,* p. 907;

No. 01–9506.  TAYLOR *v.* REYNOLDS ET AL., *ante,* p. 908;

No. 01–9555.  LUGO *v.* FLORIDA, *ante,* p. 909;

No. 01–9613.  REDIC *v.* MOSKOWITZ ET AL., *ante,* p. 926;

No. 01–9626.  BEATON *v.* MOORE, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, *ante,* p. 927;

No. 01–9658.  GONZALEZ LORA *v.* UNITED STATES, 535 U. S. 1087;

No. 01–9672.  MILLER *v.* DORMIRE, SUPERINTENDENT, JEFFERSON CITY CORRECTIONAL CENTER, *ante,* p. 928;

No. 01–9713.  CASTILLE *v.* COMPLIANCE SOLUTIONS, *ante,* p. 910;

No. 01–9774.  REED *v.* OHIO, 535 U. S. 1089;

No. 01–9783.  IN RE PETERSON, *ante,* p. 938;

No. 01–9839.  ENGEL *v.* PENNSYLVANIA ET AL., *ante,* p. 946;

No. 01–9842.  DICKERSON *v.* UNITED STATES, 535 U. S. 1106;

No. 01–9864.  MILANO *v.* NORTH CAROLINA, *ante,* p. 930;

No. 01–9886.  PFEIFFER-EL *v.* JACKSON, SUPERINTENDENT, BROWN CREEK CORRECTIONAL INSTITUTION, *ante,* p. 965;

No. 01–9898.  TAYLOR *v.* CAMPBELL, COMMISSIONER, TENNESSEE DEPARTMENT OF CORRECTION, ET AL., *ante,* p. 965;

No. 01–9906.  STEINBRECHER *v.* STEINBRECHER ET AL., *ante,* p. 911;

No. 01–9922.  PRICE *v.* CRESTAR SECURITIES CORP. ET AL., *ante,* p. 966;

No. 01–9949.  CARPENTER *v.* NORTH CAROLINA, *ante,* p. 967;

No. 01–10060.  BECKTEL *v.* COURT OF APPEAL OF CALIFORNIA, SECOND APPELLATE DISTRICT (MORISSETTE, REAL PARTY IN INTEREST), *ante,* p. 967;

No. 01–10071.  HAMM *v.* UNITED STATES, *ante,* p. 913; and

No. 01–10248.  SHINGLETON *v.* OHIO, *ante,* p. 933.  Petitions for rehearing denied.

No. 01–1566.  HAWKINS, INDIVIDUALLY, AND AS TRUSTEE, HAWKINS FAMILY TRUST *v.* VASTAR RESOURCES, INC., *ante,* p. 934.  Petition for rehearing denied.  JUSTICE BREYER took no part in the consideration or decision of this petition.

AUGUST 28, 2002

No. 02–6010 (02A164).  PATTERSON *v.* TEXAS.  Ct. Crim. App. Tex.; and

No. 02–6017 (02A165).  IN RE PATTERSON.  Applications for stay of execution of sentence of death, presented to JUSTICE SCALIA, and by him referred to the Court, denied.  Certiorari denied.  Petition for writ of habeas corpus denied.

JUSTICE STEVENS, dissenting.

Petitioner was convicted of capital murder and sentenced to death for a crime he committed when he was 17 years old.  In his dissenting opinion in *Stanford* v. *Kentucky,* 492 U. S. 361, 382 (1989), Justice Brennan, writing for four Members of the Court, explained why the Eighth Amendment prohibits the taking of the life of a person as punishment for a crime committed when below the age of 18.  I joined that opinion and remain convinced that it correctly interpreted the law.  Since that opinion was written, the issue has been the subject of further debate and discussion both in this country and in other civilized nations.  Given the apparent consensus that exists among the States and in the international community against the execution of a capital sentence imposed on a juvenile offender, I think it would be appropriate for the Court to revisit the issue at the earliest opportunity.  I would therefore grant a stay of this execution to give the Court an opportunity to confront the question at its next scheduled conference in September.  Accordingly, I respectfully dissent from the denial of a stay.